**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
WILKESBORO DIVISION**

| | | |
|---|---|---|
| In re:  Sandra Freeman Riggan | ) | Case No.  -  -  - |
| | ) | |
| | ) | Chapter 13 |
| | ) | |
| Debtor | ) | |

**CHAPTER 13 PLAN SUMMARY INCLUDING MOTION(S) FOR VALUATION;
MOTION(S) TO AVOID CERTAIN LIENS; ASSUMPTION AND
REJECTION OF EXECUTORY CONTRACTS; AND NOTICE OF OPPORTUNITY
FOR HEARING ON CONFIRMATION OF THE PLAN INCLUDING ALL MATTERS AS
SET FORTH IN THE PLAN, _FOR CASES FILED ON OR AFTER OCTOBER 17, 2005_**

The following is a summary of the Chapter 13 plan proposed by the above-named debtor(s).  The plan may also include in its provisions certain motions to avoid liens and motions for valuation of collateral securing claims.  If any such motions are included in the proposed plan of the debtor(s), they are specifically included in this plan summary.

Your rights may be affected. You should read the plan summary carefully, including any motions contained in the plan, and discuss them with your attorney, if you have one.  If you do not have an attorney, you may wish to consult one.

If you do not want the Court to confirm the proposed plan of the debtor(s), including any of the motions included in the plan, or if you want the court to consider your views on these matters, then you or your attorney must file with the Court a written objection to confirmation and request for hearing on confirmation at the following addresses:

Cases filed in the **Charlotte, Shelby or Wilkesboro** Divisions:

Clerk, U.S. Bankruptcy Court, P.O. Box 34189, Charlotte, N.C. 28234-4189

Cases filed in the **Asheville or Bryson City** Divisions:

Clerk, U.S. Bankruptcy Court, Room #112, 100 Otis Street, Asheville, N.C. 28801

Your objection to confirmation and request for hearing must include the specific reasons for your objection, and must be filed with the Court no later than fifteen (15) days following the conclusion of the combined hearing on plan, Section 341(a) meeting of creditors, and trustee's recommendation for the plan's confirmation.  If you mail your objection to confirmation to the Court for filing, you must mail it early enough so that the Court will receive it on or before the deadline stated above.  You must also serve a copy of your objection to confirmation on the debtor(s), the attorney for the debtor(s), and the

Chapter 13 trustee at their addresses as they are listed in the notice of the meeting of creditors. If any objections to confirmation are filed with the Court, the objecting party will provide written notice of the date, time and location of the hearing on the objection. No hearing will be held unless an objection to confirmation is filed.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the proposed plan of the debtor(s), including any motions contained in the plan, and may enter an order confirming the plan and granting the motions.

## CHAPTER 13 PLAN SUMMARY

**1. The plan proposes payments of $400.00 per month for a 10% payout to the general unsecured creditors.**

**2. The plan payments shall commence within ten (10) days of the case file date.**

**3. Filing of Proofs of Claim**

a. The trustee shall only distribute payments, including adequate protection payments, to creditors who have actually <u>filed</u> proofs of claim (including adequate proof of security) with the Court that are deemed allowed pursuant to 11 U.S.C. Section 502(a). However, if a creditor does not file a timely proof of such creditor's claim, then either the debtor or the trustee may file such a claim as provided for by 11 U.S.C. Section 501(c) and in that event such claim shall be deemed the claim for all purposes under the plan.

b. The trustee shall mail payments to the address provided on the proof of claim <u>unless</u> the claimant provides the trustee with another address in writing for payments to be sent. If the claim is assigned or transferred, the trustee shall continue to remit payments to the original claimant <u>until</u> a formal notice of assignment or transfer is filed with the Court.

**4. Administrative Costs**

a. Attorney's Fees. The attorney for the debtor has received $200.00 of the total base attorney fee of $1,600.00. The remainder of the base fee shall be paid through the plan by the trustee after making any required set monthly payments to allowed secured claimants.

b. Trustee's Costs. The trustee shall be entitled to reimbursement of fees and costs up to the statutory maximum on each disbursement made by the trustee, regardless of whether it is paid prior to or following confirmation.

**5. Priority Claims**. All claims entitled to priority under 11 U.S.C. Section 507 and 1322 shall be paid in full in deferred cash payments, except for priority claims under Section 507(a)(1)(B), unless the holder of the particular claim agrees to a different treatment of such claim.

   a.  Post-Petition Domestic Support Obligations ("DSOs")

      i.  [ x ] None

      ii.  The names, addresses and phone numbers, including area codes, of the holders of any DSO as defined in 11 U.S.C. Section 101(14A). Pursuant to 11 U.S.C. Section 112, the names of minor children should not be disclosed.

| Name | Address (incl. city, state, zip code) | Telephone |
|---|---|---|
| 1. | | |
| 2. | | |

      iii.  Debtor(s) shall pay all post-petition DSO claims directly to the holder of the claim and not through the Chapter 13 trustee.

   b.  Pre-Petition Arrearages Owed to DSO Holders Under 11 U.S.C. Section 507(a)(1)(A)

      i.  [ x ]  None

      ii.  The names, addresses, phone numbers, including area codes, and the claim amounts of the holders of any DSO arrearage claims.  Pursuant to 11 U.S.C. Section 112, the names of minor children should not be disclosed.

| Name | Address (incl. city, state, zip code)/Telephone | Claim Amount |
|---|---|---|
| 1. | | |
| 2. | | |

      iii.  DSO arrearage claims shall be paid by the trustee in full on a pro rata basis after payment of the attorney's fee balance and prior to payment of any non-DSO priority claims, unless a different treatment is proposed under the "Special Terms" section of the plan.

   c.  DSOs Assigned to or Owed to a Governmental Unit Pursuant to 11 U.S.C. Section 507(a)(1)(B)

      i.  [ x ] None

      ii.  The debtor shall pay all post-petition DSOs assigned to a governmental unit directly to the assignee of the claim and not through the Chapter 13 plan payments made to the trustee.

      iii.  The names, addresses, phone numbers, including area codes, and the claim amounts of the holders of any assigned DSO arrearage claims.

<u>Name</u>      <u>Address (incl. city, state, zip code)/Telephone</u>   <u>Claim Amount</u>

1.
2.

iv. Assigned DSO pre-petition arrearage claims shall be paid by the trustee in full on a pro rata basis after payment of the attorneys fee balance and prior to payment of any non-DSO priority claims, unless a different treatment is proposed under the "Special Terms" section of the plan.

d. Priority Claims Other Than DSOs

i. [ x ] None

ii. The names and amounts of all claims entitled to priority under 11 U.S.C. Section 507, other than DSOs:

| <u>Name</u> | <u>Claim Amount</u> |
|---|---|
| IRS | 249.00 |

Debtor will have this amount paid when she receives her State Tax return check. The debt should be paid prior to the 341 meeting.

iii. All priority claims other than DSOs shall be paid in full on a pro rata basis after the payment in full of all DSO priority claims.

## 6. Secured Claims and Motion to Value Secured Claims

a. Claims Secured by Personal Property Which Debtor Intends to Retain

i. [ X ] NONE

ii. Pre-confirmation adequate protection payments. The trustee, on behalf of the debtor, will make pre-confirmation adequate protection payments to the following creditors, who have actually filed proofs of claim and hold allowed secured claims, in equal monthly amounts sufficient to provide adequate protection:

<u>creditor</u>                    <u>Collateral</u>                    <u>Account Number</u>

The trustee shall <u>not</u> be required to make any pre-confirmation adequate protection payments on account of any allowed secured claim with a secured value of less <u>than</u> $2,000.00.

iii. Post-confirmation payments. The trustee, on behalf of the debtor, will make post-confirmation payments to the following creditors in equal monthly amounts sufficient to pay the value of the secured portion of the claim as set forth herein over the plan term, which shall be deemed to provide adequate protection to each such creditor.

***To the extent that the valuation provisions of 11 U.S.C. Section 506 do <u>not</u> apply to any of the claims listed below, the creditor's failure to object to confirmation of the proposed plan shall constitute the creditor's acceptance of the treatment of its claim as proposed, pursuant to 11 U.S.C. Section 1325(a)(5)(A).***

| Creditor | Claim Amount | Collateral | Collateral Value | Undersecured |
|---|---|---|---|---|
| | | | | |

b. Claims Secured by Real Property Which the Debtor Intends to Retain

i. [ ] None

ii. Mortgage claims to be paid as long-term debts pursuant to 11 U.S.C. Section 1322(b)(5):

[ x ] Post-petition payments to be paid directly by the debtor

[ ] Post-petition payments to be paid by the trustee

Pre-petition arrearages will be treated as separate secured claims and the value of the claims will be paid by the trustee in equal monthly payments over the term of the plan.

| Creditor | Collateral | Regular Monthly Payment | Pre-petition Arrearage Amount |
|---|---|---|---|
| Marsh Associates | House & Land | $506.00 | $0.00 |

iii. Mortgage claims to be paid in full during the term of the plan from the plan payments.

Any pre-petition arrearage amount is included as part of the total amount of the secured claim. The trustee shall pay the value of the claim in equal monthly payments over the term of the plan, which shall be deemed to provide adequate protection to each such creditor.

| Creditor | Claim Amount | Collateral | collateral value | Undersecured portion |
|---|---|---|---|---|
| Beneficial (2d mortgage) | $15,401.08 | House & Land | $73,400.00 | $0.00 |

**Motion to Value All Liens in Paragraph #6**

The debtor(s) hereby moves the Court to value the collateral of each of the above-stated creditors at the collateral value stated. To the extent that the amount of the debt of any such creditor exceeds the stated collateral value, the debtor(s) hereby moves the Court that said difference be treated in the Chapter 13 plan as a general

unsecured claim without priority. The debtor(s) further moves the Court that the lien of each creditor listed upon the collateral listed hereinabove be satisfied upon payment of the collateral value and the issuance of the debtor(s) discharge.

    c. Surrender of Collateral

The debtor surrenders any interest in the collateral securing the claims of the creditors as set forth below. Upon confirmation, the automatic stay will be deemed lifted for the collateral and the creditor need not file a motion for relief from stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-debtor stay, or to abrogate the debtor's state law contract rights.

| Creditor | Collateral to be Surrendered |
|---|---|
| 1. none | |

**7. General Unsecured Claims Not Separately Classified**

    a. If the plan proposes payment of a set percentage dividend to the general unsecured creditors, the proposed dividend is 10%.

    b. If the plan proposes payment of a monthly payment for a set term of months, the estimated dividend to general unsecured creditors is _____.

    c. General unsecured claims shall be paid on a pro rata basis with payments to commence after the payment of all priority unsecured claims in full.

**8. Executory Contracts and Unexpired Leases**

    a. [ ]

    b. The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by the debtor rather than by the trustee.

    c. Unless otherwise provided, the debtor proposes to cure any pre-bankruptcy defaults on the assumed leases or contracts in equal monthly payments by the trustee, over a period of _____ months, with said payments to be made at the same time as payments to secured creditors.

| Creditor | Nature of Lease or Contract | Periodic Payment to be Made by Debtor |
|---|---|---|
| National City | Leased vehicle | 320.00 |

**9. Special Terms**

    a. [ X ] None

    b.  Special Classes of Unsecured Claims

    c.  Other Direct Payments to Creditors Other than Section 6(b)(ii)

    d. Other Special Terms: National City Account #01050659646 is a creditor secured by a leased 2001 Mazda 626 which is to be paid outside the plan by the debtor.

## Motion to Avoid Non-Possessory, Non-Purchase Money Security Interests in Household Goods and Personal Items

The debtor is indebted to the following creditors in the amounts stated.  As security for the debt, each such creditor insisted upon, and the debtor executed, a waiver of exemption of certain property, and a security agreement granting said creditors a non-possessory, non-purchase money security interest in household goods which is property delineated by 11 U.S.C. Section 522(f)(2) and which is held primarily for the personal, family or household use of the debtor or a dependent of the debtor.  The debtor believes that a financing statement may have been properly filed evidencing each such creditor's security interest and liens:

| Creditor | Account/I.D. | Debt Amount | Description of Property |
|---|---|---|---|
| NONE | | | |

The debtor's interest in any item of property referred to above does not exceed the value claimed as exempt.  The money borrowed from each such creditor does not represent any part of the purchase money of any of the items covered by each such creditor's security agreement.  The existence of each such creditor's lien on the debtor's household goods and personal items impairs the exemptions to which the debtor would be entitled under Section 1C-1601 of the North Carolina General Statutes or as otherwise applied under applicable state law.  The debtor moves the Court for the cancellation and avoidance of the security interest of each such creditor in the debtor's personal and household goods, effective upon discharge.

## Motion to Avoid Judicial Liens

Judgments were obtained by the creditors listed below in cases before the General Court of Justice of the State of North Carolina, and said judgments have been recorded in the Public Registry as follows:

| Creditor | Judgment Book And Page | Registry | Judgment Date | Judgment Lien Amount |
|---|---|---|---|---|
| 1.NONE | | | | |
| 2. | | | | |

The above-stated judgments created liens on the real property in which the debtor has an interest, which real property is more specifically described as _____.  The value of the debtor's interest in this real property is $_____.   The aforesaid liens constitute judicial liens under 11 U.S.C. Section 522(f)(1).  The property which this judicial lien encumbers is property which the debtor is entitled to exempt under 11 U.S.C. Section 522 and the claimed amount of this exemption is $_____.  The existence of this judicial lien impairs the exemption to which the debtor is entitled under Section 1C-1601 of the North Carolina General Statutes or as otherwise applied under applicable state law.

The debtor respectfully moves the Court to issue an order compelling the above-stated creditors to cancel and avoid their judicial liens upon the real property described herein, effective upon discharge.

## **General Provisions**

1.  To receive payment from the trustee, either prior to or following confirmation, a secured creditor must file a proof of claim.  Secured claims which are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to other claims upon further order of the Court.

2.  Confirmation of this plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Federal Bankruptcy Rules 3001 or 3002.

3.  Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within one-hundred twenty (120) days after the removal of the property from the protection of the automatic stay.  For purposes hereof, the removal date shall be the date of the entry of the order confirming the plan, modifying the plan, or granting relief from stay.  This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.

4.  If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan.

5.  Property of the estate includes all of the property specified in 11 U.S.C. Section 541 and all property of the kind specified in such section acquired by the debtor after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code.

6. Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages; to deem the pre-petition arrearages as contractually cured by confirmation; to apply the direct mortgage

payments, if any, paid by the trustee or by the debtor to the month in which they were made under the plan or directly by the debtor, whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor and the attorney for the debtor of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor and attorney for the debtor of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i).

I declare under penalty of perjury that the information provided in the Chapter 13 Plan Summary, including Motion(s) for Valuation; Motion(s) to Avoid Certain Liens; and the Assumption and Rejection of Executory Contracts and Unexpired Leases; as to all matters set forth herein are true and correct.

Dated_____    _____
                                Debtor's Signature

Dated_____    _____
                                Debtor's Signature

I hereby certify that I have reviewed this document with the debtor(s) and that the debtor(s) have received a copy of this document.

Dated_____    _____
                                Attorney for the Debtor(s)